UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANDRAE PRINCE,

                Plaintiff,

           -against-

THE CITY OF NEW YORK, P.O. SUSAN JORDAN,
Shield No. 4781, Individually and in her Official
Capacity, and P.O.s "JOHN DOE" #1-10, Individually
and in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

                Defendants.

**CV 14-5614**

COMPLAINT

JURY TRIAL DEMANDED

ECF CASE

ROSS, J.
BLOOM, M.J.

-------------------------------------------------------------------X

Plaintiff ANDRAE PRINCE, by his attorneys, COHEN & FITCH LLP, complaining of

the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C.

§1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ANDRAE PRINCE is an African American male and has been at all

relevant times a resident of Queens County in the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, The City of New York.

9.      At all times hereinafter mentioned P.O. SUSAN JORDAN and P.O.s JOHN DOE

#1-10, were duly sworn police officers of said department and were acting under the supervision

of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant THE CITY OF NEW

YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about February 4, 2013, in the County of Queens, City, and State of New York, the plaintiff, ANDRAE PRINCE, was inside of his residence located at 331 Beach 32nd Street Queens, NY.

14. At the aforesaid time and place, defendants rang the doorbell to plaintiff's residence.

15. When plaintiff opened the door, he was informed by defendants that they were looking for one of plaintiff's acquaintances.

16. Plaintiff's acquaintance exited plaintiff's apartment to speak with the defendants.

17. Approximately ten (10) minutes later, defendants aggressively entered plaintiff's residence, pushed him, and then handcuffed him tightly behind his back, causing bruising and numbness to his wrists and hands.

18. Plaintiff was charged with Obstructing Governmental Administration and Harassment.

19. At no time on February 4, 2013, did the plaintiff obstruct government administration, harass anyone, or behave unlawfully in any way.

20. At no time on February 4, 2013, did defendants possess a valid search warrant.

21. At no time on February 4, 2013, did defendants have permission to enter plaintiff's residence.

22. At no time on February 4, 2013, did defendants possess probable cause to arrest the plaintiff.

23. At no time on February 4, 2013, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest the plaintiff.

24. Thereafter, the plaintiff was transported to a nearby police precinct.

25. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office – namely, the police falsely informed prosecutors that the plaintiff stated, "I will slap the shit out of a cop, I like to hit cops," that the plaintiff pushed a police officer and that the plaintiff refused to cooperate with the lawful instructions of any police officers.

26. Thereafter, defendants repeatedly gave false and misleading statements regarding the facts and circumstances of the plaintiff's arrest – namely, the police falsely stated that the plaintiff stated, "I will slap the shit out of a cop, I like to hit cops," that the plaintiff pushed a police officer and that the plaintiff refused to cooperate with the lawful instructions of any police officers.

27. As a result of his unlawful arrest, the plaintiff spent approximately thirty-six (36) hours in police custody, approximately ten (10) months making numerous court appearances before all charges were adjourned in contemplation of dismissal.

28. As a result of his unlawful arrest, the plaintiff missed approximately five (5) days of work.

29. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates, and realleges, each and every allegation contained in the proceeding paragraphs as if the same were more fully set forth at length herein.

40. Defendants created false evidence against the plaintiff.

41. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office – namely, the police falsely stated that the plaintiff stated, "I will slap the shit out of a cop, I like to hit cops," that the plaintiff pushed a police officer and that the plaintiff refused to cooperate with the lawful instructions of any police officers.

42. Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing false statements throughout the criminal proceedings – namely, the police falsely stated that the plaintiff stated, "I will slap the shit out of a cop, I like to hit cops," that the plaintiff pushed a police officer and that the plaintiff refused to cooperate with the lawful instructions of any police officers.

43. In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants

violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

44.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

46.    As a result of the aforesaid conduct by defendants, plaintiff's home and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

47.    As a result of the aforesaid conduct by the defendants, plaintiff's home was entered illegally at time not prescribed in the warrant, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

48.    As a result of the aforesaid conduct by the defendants, plaintiff's was not provided a copy of said warrant upon his request, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

49.    As a result of the aforesaid conduct by defendants, plaintiff's home and possessions were illegally and improperly searched without any warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

51.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i.  arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and
>
> ii.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

53.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

56.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

57.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

58.    The acts complained of deprived the plaintiff of his right:

    a.  Not to be deprived of liberty without due process of law;

    b.  To be free from seizure and arrest not based upon probable cause;

    c.  Not to have summary punishment imposed upon him; and

    d.  To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
      September 24, 2014

BY: _____
    JOSHUA FITCH
    GERALD COHEN
    COHEN & FITCH LLP
    *Attorneys for Plaintiff*
    233 Broadway, Suite 1800
    New York, N.Y. 10273
    (212) 374-9115
    jfitch@cohenfitch.com
    gcohen@cohenfitch.com